IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-HC-2184-FL

| | |
|---|---|
| TIMOTHY GRIFFITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on respondent's motion for summary judgment (DE 17) pursuant to Federal Rule of Civil Procedure 56. Petitioner did not respond to the motion, and in this posture, the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Petitioner, a federal inmate proceeding pro se, commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 5, 2023, in the United States District Court for the Eastern District of Tennessee. On August 1, 2023, the case was transferred to the instant district. Petitioner challenges the Federal Bureau of Prisons' ("FBOP") calculation of his prior custody credit and the resulting release date.

Respondent moves for summary judgment, arguing that petitioner's sentence computation is accurate. In support, respondent relies on memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) declaration of Athena Jones-Bonner, a management analyst at the FBOP's designation and sentence computation center; 2) judicial records from petitioner's state criminal proceeding; 3) judicial records from petitioner's federal

criminal proceedings; 4) United States Marshals Service's prisoner tracking forms for petitioner; 5) FBOP sentence computation data; and 6) excerpts from FBOP program statement addressing sentence computation. The court provided petitioner notice of the motion and instructions for responding, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). As noted above, petitioner did not respond to the motion.

### STATEMENT OF FACTS

The relevant facts are not disputed. On August 21, 2017, petitioner was arrested in Greene County, Tennessee on state felony criminal charges for possession of methamphetamine, possession of drug paraphernalia, and tampering with evidence in case number 17CR460. Petitioner was also arrested for violation of his state probation in case numbers 16CR360 and 16CR3254. (Resp't Stmt. (DE 19) ¶ 1). Petitioner's state probation was revoked in case number 16CR3254 on September 6, 2017, and he was sentenced to an 11-month and 29-day term of imprisonment. (Id. ¶ 2). On September 14, 2017, petitioner's probation was revoked in case number 16CR360, and he was sentenced to a 3-year and one-day term of imprisonment. (Id. ¶ 3).

On November 14, 2017, petitioner was indicted on one count of possession with intent to distribute 50 grams or more of methamphetamine in the United States District Court for the Eastern District of Tennessee. (Id. ¶ 4); see United States v. Griffith, No. 2:17-CR-116-JRG-MCLC-1 (E.D. Tenn. Nov. 14, 2017). On November 16, 2017, the United States filed a writ of habeas corpus ad prosequendum for the purpose of petitioner's appearance in federal court. (Resp't Stmt. (DE 19) ¶ 5). On November 30, 2017, petitioner was temporarily transferred to the custody of the United States Marshals Service ("USMS"). (Id. ¶ 6). On September 5, 2018, the federal court sentenced petitioner to 96 months' imprisonment. (Id. ¶ 7); see also Griffith, No. 2:17-CR-

2

116-JRG-MCLC-1 (Sept. 5, 2018). The court furthered ordered that petitioner's federal sentence be served concurrently with sentences imposed in state case numbers 16CR3254 and 17CR460, but consecutively to the sentence imposed in state case number 16CR360. (Resp't Stmt. (DE 19) ¶ 7).

On October 4, 2018, petitioner was returned to the primary custody of state authorities for the remainder of his 3-year and 1-day sentence in case number 16CR360. (Id. ¶ 8). On September 20, 2019, while in state custody, petitioner was charged by state authorities with theft over $1,000.00 in case number 19CR2437. (Id. ¶ 9). On October 30, 2019, petitioner was sentenced in state court to 11 months and 29 days in jail with all but 30 days suspended. (Id. ¶ 10).

On November 13, 2019, petitioner completed his sentence in state case number 16CR360 but remained in state custody due to the pending charges in case number 17CR460. (Id. ¶ 11). On May 12, 2020, the charges in case number 17CR460 were dismissed. (Id. ¶ 12). State authorities notified the USMS on December 1, 2020, that petitioner had satisfied his state obligations. (Id. ¶ 13). The USMS took custody of petitioner on December 9, 2020. (Id.).

FBOP prepared a sentence computation for petitioner commencing his federal 96-month sentence on November 13, 2019, the date he completed his state sentence in case number 16CR360. (Id. ¶ 14). Petitioner was granted 16 days of prior custody credit toward his federal sentence for the time period of August 21, 2017, through September 5, 2017. (Id.). Currently, petitioner is scheduled to be released on September 18, 2026. (Id. ¶¶ 14, 23).

3

# DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). A federal prisoner challenges the execution of his sentence when he contests, as here, the FBOP's "administrative rules, decisions, and procedures applied to his sentence." In re Wright, 826 F.3d 774, 777 (4th Cir. 2016).

As noted above, petitioner challenges the FBOP's calculation of his prior custody credit and the resulting release date. In order to assess whether petitioner is entitled to prior custody credit, the court must determine: 1) the date on which the federal sentence commenced, and 2) the

4

amount, if any, of prior custody credit to which petitioner is entitled for time served prior to commencement of the federal sentence. 18 U.S.C. § 3585; see United States v. Wilson, 503 U.S. 329, 330 (1992).

A federal sentence typically commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Thus, a federal sentence cannot commence prior to the date it is imposed. See United States v. Evans, 159 F.3d 908, 911–12 (4th Cir. 1998); Barnes v. Masters, 733 F. App'x 93, 96 (4th Cir. 2018). Here, the FBOP correctly determined that petitioner's sentence commenced on November 13, 2019. (Resp't Stmt. (DE 19) ¶ 14); 18 U.S.C. § 3585(a). Petitioner does not challenge this aspect of the FBOP's calculation. (See Pet. (DE 1-1)).

Turning to the issue of prior custody credit, 18 U.S.C. § 3585(b) provides that:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Thus, the FBOP is precluded from awarding prior custody credit if the time has "been credited against another sentence." 18 U.S.C. § 3585(b); see Wilson, 503 U.S. at 337 ("Congress made clear that a defendant could not receive double credit for his detention time."). Here, the FBOP awarded 16 days of prior custody credit under § 3585(b) because that time was not credited to the

5

Case 5:23-hc-02184-FL   Document 22   Filed 05/24/24   Page 5 of 6

federal sentence and that time period otherwise satisfied the statutory conditions. (Resp't Stmt. (DE 19) ¶¶ 16–23).

Petitioner argues the FBOP should have awarded him prior custody credit for the entirety of his time spent in state custody commencing on August 17, 2017. (Pet. (DE 1)). The time period from September 6, 2017, to November 12, 2019, cannot be credited to the federal sentence, however, because it was credited to petitioner's state sentences. (Resp't Stmt. (DE 19) ¶ 22); 18 U.S.C. § 3585(b). The fact that petitioner was in temporary federal custody pursuant to a writ of habeas corpus ad prosequendum for during that time does not change this analysis. Tennessee retained primary jurisdiction during petitioner's transfer for the federal criminal proceedings, and it properly counted that time against petitioner's state sentence. See United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998).

## CONCLUSION

Based on the foregoing, respondent's motion for summary judgment (DE 17) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of May, 2024.

LOUISE W. FLANAGAN
United States District Judge

6

Case 5:23-hc-02184-FL   Document 22   Filed 05/24/24   Page 6 of 6